Tabiabebbo, J.
This is a suit against E. M. Dawson, sheriff of the parish of Madison, for arrearages on his collection of taxes, alleged to be $21,649 52. His bond was signed by Samuel Anderson, Henry S. Dawson and his wife, Prances E. Dawson, as sureties. Suit was instituted on the bond against principal and sureties, the latter being bound jointly. The plaintiff prays judgment for the whole amount against the principal, and for judgment likewise, for the same sum, against Prances E. Dawson, the wife, and Samuel Anderson, jointly, alleging the insolvency of Henry S. Dawson at the time of the execution of the bond, and averring the wife to be the real surety, and that her husband subscribed the act merely as authorizing his wife to obligate herself.
Anderson and Henry S. Danson, in their separate answers, set up various illegalities in the bond, denied that they were bound by it, and if bound at all, it was only to the extent of one-fourth each of the liability. Mrs. Dawson, in her answer, averred that the obligation was without consideration; that she signed the bond withoirt the authorization pf her husband, and that she is not bound by it.
Judgment was rendered in the Court below, for the whole sum, against the principal,'and against Henry S. Dawson and Anderson, for one-third of the sum each, with interest, as set forth in the judgment. The plaintiff appealed.
We think the judgment of the lower Court erroneous, in exonerating Mrs. Dawson as one of the sureties. The husband having signed the bond with her, his authorization is implied. The obligation is one of suretyship, and it is joint. The disability under which, as a general rule, the wife is placed by our law, to contract for or with her husband, unless it be shown that the obligation inures to her benefit, does not incapacitate her from contracting, as in this case, in favor of third persons. In the case of Farrel v. Yoe et al. 2 An. 903, it was decided that a married woman, properly authorized, may bind herself as surety for any other person than her husband. This decision was reaffirmed in the case of, Roberts v. Wilkinson, in 5 An. 370, by Chief Justice Eustis, after an elaborate review of the Spanish and French laws, and of the jurisprudence of France on this subject.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be amended, so as to include the defendant Prances E. Dawson, against whom judgment is hereby rendered for a like sum with that adjudged'against the other two sureties, viz ; seven thousand two hundred and sixteen dollars and fifty cents, with interest at the rate of *49 two peí- cent, per month, from the 1st clay of December, 1858, until paid.
It is further ordered, adjudged and decreed, that the costs in the lower Court be paid, in solido, by all the defendants, the costs of this appeal to be paid by Mrs. Frances E. Dawson, defendant.